**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SCOTT LIBBY A/K/A
ROBERT WINBURN, #222196,

       Petitioner,                             Case No. 18-13842

v.

KEVIN LINDSEY,

       Respondent.
                                 /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER'S PENDING MOTIONS**

Petitioner Scott Libby filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, alleging a violation of his rights under the Double Jeopardy Clause. He has also filed an assortment of motions to seeking to amend his petition and requesting injunctive relief. Respondent filed a motion to dismiss on the ground that Petitioner has not exhausted his state court remedies.[1] For the reasons explained below, the court will grant the motion to dismiss, deny Petitioner's remaining motions, and deny a certificate of appealability.

---

[1] Respondent Kevin Lindsey is the warden of the Michigan Department of Corrections facility where Petitioner is currently confined. Respondent argues that the Washtenaw County Sheriff is the proper respondent because Petitioner is a pretrial detainee challenging the pending charges. The proper respondent for a habeas corpus petition is the warden of the facility where a prisoner is being held, in this case, Kevin Lindsey. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2005). The court declines to amend the case caption.

# I. BACKGROUND

Petitioner is awaiting trial in Washtenaw County Circuit Court for charges of first-degree home invasion, armed robbery, and conspiracy to commit first-degree home invasion. His first trial for these charges ended in a mistrial. Petitioner seeks habeas relief on the ground that the Double Jeopardy Clause prohibits his retrial. Petitioner is presently in the custody of the Michigan Department of Corrections for convictions unrelated to the pending charges. He is serving a 25 to 50 years sentence for second-degree murder, a 15 to 30 years sentence for assault with intent to commit murder, and a 2-year sentence for possession of a firearm during the commission of a felony.

# II. DISCUSSION

## A. Petition for Writ of Habeas Corpus

Title 28 U.S.C. § 2241 confers upon federal courts jurisdiction to consider pretrial habeas corpus petitions. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). A federal court "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* The Sixth Circuit has approved of a federal court's consideration of a pretrial § 2241 habeas petition in three circumstances: (1) when the petitioner seeks a speedy trial, *Atkins*, 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).

A petitioner, however, must still exhaust state court remedies before filing a § 2241 petition under any of these exceptions. *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition on double jeopardy grounds *after* state remedies are exhausted). Allowing state courts the first opportunity to correct a constitutional violation (before intrusion of a federal court) reduces friction between state and federal court systems. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546. State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner admits that he did not exhaust his state court remedies but argues that the exhaustion requirement should be excused because the trial court created an impediment to exhaustion. Specifically, Petitioner argues that the trial court failed to rule on his objection to the declaration of a mistrial. He maintains that until the trial court decides his objection he will be unable to file an interlocutory appeal in the Michigan Court of Appeals. Petitioner's objection to the declaration of a mistrial did not address his subsequent retrial. To exhaust the pending claim, Petitioner may file a pretrial motion to dismiss the pending charges on double jeopardy grounds. If the motion is denied, he may file an interlocutory appeal with the Michigan appellate courts. *See People v. Reid*, 317 N.W.2d 589, 592 (Mich. Ct. App. 1982).

3

The petition contains one unexhausted claim. Accordingly, it will be dismissed without prejudice.

### B. Pending Motions

Also before the court are several motions filed by Petitioner. First, Petitioner filed a "Motion to Expand the Record" (ECF No. 12) in which he seeks an order requiring Respondent to file additional portions of the state court record or, in the alternative, to furnish him with the entire state court record. Rule 5, Rules Governing Section 2254 Cases directs the respondent to file relevant portions of the state court record along with the answer. The court finds the records filed in this case by Respondent to be sufficient.

Additionally, Petitioner is not entitled to a free copy of the entire state court record for use in a collateral attack on his criminal conviction. *See United States v. MacCollum*, 426 U.S. 317, 322 (1976) (stating that a free transcript is not a necessary concomitant of the writ of habeas corpus); *Smith v. United States*, 421 F.2d 1300, 1301 (6th Cir. 1970) (assuming, absent special circumstances, that "a man in custody can recall sufficiently the circumstances of a non-frivolous error to frame an appropriate motion to vacate sentence"). Because Petitioner has not shown a particularized need for the entire state court record, the court will deny the request.

Next, Petitioner filed three motions to amend or supplement his petition. (ECF Nos. 13, 24, 27.) Petitioner's proposed amendments would not alter the court's decision dismissing the petition for failure to exhaust state court remedies. Therefore, any amendment would be futile, and the court denies the motions. *See Wiedbrauk v. Lavigne*, 174 Fed. App'x 993, 1001 (6th Cir. 2006)*.*

Petitioner's remaining motions (ECF Nos. 17, 18, 19, 21, 23, 25) are rendered moot by the dismissal of the petition.

## III. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court dismisses a petition on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court concludes that reasonable jurists would not debate the correctness of the court's ruling. Accordingly, a certificate of appealability will be denied.

## IV. CONCLUSION

For the reasons explained above,

IT IS ORDERED that Respondent's Motion to Dismiss (ECF No. 14) is GRANTED and that the Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS ORDERED that Petitioner's pending Motion to Expand the Record (ECF No. 12) and Motions to Amend or Supplement (ECF No. 13, 24, 27) are DENIED.

IT IS FURTHER ORDERED that the remaining motions (ECF No. 17, 18, 19, 21, 22, 23, 25) are DENIED AS MOOT.

Finally, IT IS ORDERED that a Certificate of Appealability is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2019, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Staff Attorney\18-13842.LIBBY.grant dimissal.MBC.HEK.2.docx